PEOPLE *ex rel.* COCHRANE *v.* COLEMAN *et al.*, Commissioners.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

TAXATION—EXEMPTIONS—INVESTMENTS OF NON-RESIDENTS.

Money sent to New York by a non-resident for investment is exempt from taxation as well after the death of such non-resident as before, under 2 Rev. St. N. Y. (8th Ed.) p. 1094, § 5, which exempts from taxation money sent into the state for investment.

Appeal from special term, New York county.

*Certiorari* by John A. Cochrane, as administrator of William Smith, deceased, to Michael Coleman, Thomas L. Feitner, and Edward L. Parris, commissioners of taxes and assessments of the city of New York, to review an assessment of property in the hands of relator belonging to the estate of decedent. The assessment was declared to be illegal, and ordered to be vacated, and the commissioners appeal. 2 Rev. St. N. Y. (8th Ed.) p. 1094, § 5, provides: "Every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, guardian, executor, or administrator; and in no case shall property so held under either of those trusts, be assessed against any other person; and in case any person possessed of such personal estate shall reside, during any year in which taxes may be levied, in two or more counties, towns, or wards, his residence, for the purposes and within the meaning of this section, shall be deemed and held to· be in the county, town, or ward in which his principal business shall have been transacted; but the products of any state of the United States consigned to agents in any town or ward of this state, for sale on commission, for the benefit of the owner thereof, shall not be assessed to such agents, nor shall such agents of moneyed corporations or capitalists be liable to taxation, under this section, for any moneys in their possession or under their control transmitted to them for the purposes of investment or otherwise."

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*William H. Clark*, Corp. Counsel, for appellants. *Evarts, Choate & Beaman*, for respondent.

LAWRENCE, J. We are of the opinion that the case of *People v. Commissioners*, 42 Hun, 560, affirmed in 105 N. Y. 629, covers this case. In that case one William Haden, who resided in Cuba, died, having at the time of his death on deposit with a firm in this city a large sum of money which had been placed by him in their custody for investment. The relator, who had duly qualified as executor in Cuba, in order to get possession of the property so deposited, took out ancillary letters in this state, and thereafter demanded the money from the firm with whom it was deposited, who refused to pay it over. He was assessed by the tax commissioners for the amount in the hands of the depositaries as personal property, but it was held that, as the fund was sent here for investment by the deceased, the property was exempt from taxation under the provisions of section 5 of the Revised Statutes, p. 389, as amended by chapter 176 of the Laws of 1851, and section 3 of the Revised Statutes, p. 419. See 2 Rev. St. 1094, 1160, (Banks' 8th Ed.) The object of these provisions was clearly stated by RAPALLO, J., in the opinion of the court of appeals in *Williams v. Board*, 78 N. Y. 561. He says, referring to the foreign investor: "Nothing can be more plain than the policy and purpose of these exemptions. They are clearly intended to further the trade and commerce of the state, and to encourage, and even invite, the sending of foreign capital here for investment. It is argued, however, that the exemption as to capital continues only so long as it remains uninvested, and that when invested, if the securities remain in the hands of the agent, they are taxable.

If such were the true construction of the provision, it would be quite ineffectual, and rather a lure than a protection to foreign capitalists, who might send their capital here to be invested under the assurance that it should be free from taxation. * * * These provisions are clearly designed to afford to the foreign capitalist who invests his funds here every conceivable protection. His capital cannot be taxed while awaiting investment. If the securities are taken by him out of the state, he may with impunity send them back to an agent here for the collection of principal or interest; and if, instead of being removed from the state, they are deposited here with an agent for collection, they are equally free. The capital is protected from taxation, whether invested or uninvested, and whether the securities are taken away, or remain here for collection." If the property involved in this case had been assessed in the life-time of the decedent, it certainly could not be contended that the assessment could be sustained. The death of Mr. Smith, and the appointment of the relator as his ancillary administrator, did not work any change. The property still remained as part and parcel of the estate of Smith, which had been sent here for employment and investment, within the meaning of the provisions of the statute, above referred to, and the question before us is to be disposed of the same as if the assessment had been made in the life-time of Smith. In the brief presented by the appellants' counsel, it is sought to draw a distinction between this case and the case of *People* v. *Commissioners*, above referred to, on the ground that there it appears that a certain portion of the property on deposit was intended to be invested in United States securities, and would therefore be exempt from taxation. Upon reading that case, however, it will be seen that, although that fact is stated as one of the reasons for rendering the judgment there pronounced, the case is placed upon the broad ground that, as the property was here awaiting investment, it was exempt from taxation. It is quite clear, from an examination of the case of *Williams* v. *Board*, that the form in which the capital of the foreign investor is invested can make no difference. See 78 N. Y. 566, 567. The order of the court below must therefore be affirmed, with costs and disbursements to the respondents. All concur.